NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**PARAKRAM SINGH, OSB #134871**
Parakram.Singh@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:22-cr-00342-001-HZ |
| v. | |
| **TYRONE LAMONT ALLEN,** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| Defendant. | |

### Introduction

Defendant is a convicted felon who was caught unlawfully possessing a firearm while on supervision for committing multiple bank robberies. Defendant's history involving guns and violence makes him a danger to the community. The government recommends a sentence of 70 months' imprisonment followed by three years of supervised release and a $100 fee assessment.

**Government's Sentencing Memorandum**                                                                                  **Page 1**

I.      FACTUAL BACKGROUND

A.      The Offense Conduct

On or about November 9, 2021, Portland police officers responded to a disturbance and a shot fired call near a restaurant and bar in southeast Portland, involving Defendant and his girlfriend, Ms. Detra Stephens. Witnesses reported that Defendant and Ms. Stephens were involved in an altercation inside the restaurant and the argument escalated outside. Ms. Stephens told Defendant that she would call 911 and in response Defendant fired a shot from a handgun into the air and then drove off. Officers arrived and viewed surveillance video which showed Defendant and Ms. Stephens arguing and Defendant hitting Ms. Stephens during the argument. The video also showed Ms. Stephens hiding from Defendant behind vehicles in the parking lot as Defendant drove around looking for her. As they were conducting their investigation, officers observed Defendant's vehicle drive by them. The officers conducted a traffic stop on Defendant's vehicle and he was detained. A search of the vehicle revealed a .38 caliber revolver. Defendant admitted that he "got a little hot" with Ms. Stephens at the restaurant. When told that surveillance video showed him hitting Ms. Stephens, Defendant stated that Ms. Stephens called him a "punk bitch" and that he "…had to handle her." Defendant denied shooting a firearm during the incident and denied that he was in possession of a firearm. However, a search of Defendant's vehicle revealed a .38 caliber revolver in a bag underneath the driver's seat. The revolver had five spent casings in the cylinder. Defendant said the firearm belonged to Ms. Stephens.

**B.     The Charge**

Defendant waived grand jury and was arraigned on an information, charging defendant with a single count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).[1] Through his guilty plea to count one, defendant admitted: (1) he knowingly possessed a Ruger, LCR, .38 caliber revolver, serial number 541-81956; (2) the firearm previously travelled through interstate or foreign commerce; and (3) defendant was a prohibited felon because he was previously convicted of a crime punishable by imprisonment for a term exceeding one year.

**C.     The Plea Agreement & Guideline Computations**

Defendant agreed to plead guilty to count one of the information and, in exchange, the government will, subject to the limitations set forth in the agreement, recommend that defendant receive a three-level reduction for acceptance of responsibility. And an additional one-level downward variance pursuant to § 3553(a) factors.

The government believes the following guideline calculations apply:

| Provision | Description | Offense Level Calculation |
|---|---|---|
| USSG § 2K2.1(a)(2) | Base Offense Level | 24 |
| USSG § 3E1.1 | Acceptance of Responsibility | -3 |
|  | **Total Offense Level** | **21** |
| 18 U.S.C. § 3553(a) | Down variance per §3553(a) factors | -1 |
|  | **Final Adjusted Offense Level** | **20** |

---

[1] The information included a forfeiture allegation; however, the government did not seek a preliminary and final order of forfeiture because the gun is in possession of state authorities. As part of defendant's plea agreement, he agreed to abandon any ownership or possessory interest in the firearm.

**Government's Sentencing Memorandum**                                                              **Page 3**

### D. Government's Recommended Sentence

Defendant's guideline range, after all adjustments, is 70 to 87 months. The government is recommending a 70-month prison sentence in this case.              .

D      Defendant has an extensive criminal history dating back to the 1980s. Defendant will be appearing for sentencing on his 19th felony charge. Defendant's particularly violent criminal history include several convictions (seven counts) for robbery and attempted robbery over four separate sentencing events from 1988 to 2021. Defendant has also served significant sentences for some of these convictions, including a sentence of 110 months' imprisonment. For a Robbery in 2005. He was released on supervised release in that case in 2013; however, he sustained multiple state felony convictions later that year, his supervised release was revoked, and he was sentenced to an additional 24 months' imprisonment for the revocation. His criminal history includes prior felony convictions for Theft I (2017), Delivery of Cocaine (2014), Felon in Possession of a Firearm (2014, 1993, and 1992), Attempted Assault II (2000), Identity Theft (2000), and Delivery of a Controlled Substance (1988).

Despite these numerous felony convictions (state and federal), separate instances of significant sentences, and lengthy periods of incarceration and supervision, defendant continues to return to a pattern of behavior that incorporates guns, thereby, continuing to endanger the safety of this community. A conviction on this charge will be this Defendant's fourth conviction for being a felon in possession of a firearm.

Gun violence in the Portland metro-area continues to be a significant public safety threat. Defendant's history and quick failure on supervision makes clear that he is a risk to the community.  At the time of the instant offense, Defendant was on federal supervised release following his conviction for Bank Robbery, Credit Union Robbery, and Attempted Bank

**Government's Sentencing Memorandum**                                                    **Page 4**

Robbery. In July 2021, four months prior to the instant offense, Defendant was sentenced to time served with three years of supervised release for those offenses, which involved Defendant entering various banks and credit unions and threatening to shoot and kill tellers while claiming to have a firearm. Defendant's prior convictions and recent sentencing on the robbery counts should have deterred Defendant from returning to criminal behavior. Unfortunately, they have not.

The government submits that under the facts of this case, a sentence of 70 months' imprisonment appropriately addresses the risk defendant poses to the safety of the community. The government is particularly concerned by the recency of multiple serious robbery convictions and his abysmal performance on supervised release in the first four months of supervision.

While not bound by the Sentencing Guidelines, district courts must consult the Guidelines and take them into account when sentencing. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 767 (2005). The sentencing guidelines are advisory and one of the statutory factors this Court must consider when imposing a sentence. *See* 18 U.S.C. § 3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007). The guidelines serve as "the starting point and the initial benchmark" in every sentencing proceeding and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Gall v. United States*, 552 U.S. 38, 49 (2007); *Rita*, 551 U.S. at 350. The guidelines serve as a "lodestone" at sentencing and "cabin" or "anchor" a sentencing court's discretion. *Peugh v. United States*, 569 U.S. 530, 531 (2013). While advisory, the Supreme Court has observed that, "[c]ommon sense indicates that in general, this system will steer district courts to more within-guidelines sentences." *Id*.

The Government's recommendation of 70 months' imprisonment reflects the seriousness of the offense, the danger posed by the defendant to the community, the need to provide just

punishment, and afford adequate deterrence to the criminal conduct while satisfying the requirement of 18 U.S.C. § 3553(a) as a sentence that is "sufficient but not greater than necessary" to meet the purpose of § 3553(a)(2).

## II. CONCLUSION

Based on the foregoing, the government recommends that this Court impose a sentence of 70 months of imprisonment, followed by a three-year term of supervised release, subject to the standard conditions and the additional special conditions noted in the PSR, and a $100 fee assessment.

Dated: January 4, 2023

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

/s/ *Parakram Singh*
PARAKRAM SINGH, OSB #134871
Assistant United States Attorney